UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. _____
State Case No. COSO-15-005475

CHANTELLE RITTER

    Plaintiff,

v.

MEDICREDIT, INC.

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Medicredit, Inc. ("Medicredit") timely files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removing this action from the County Court of the Seventeenth Judicial Circuit in and for Broward County for the State of Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and in support of this Notice, states as follows:

1.    On September 18, 2015, Plaintiff Chantelle Ritter ("Ritter") filed a Complaint against Medicredit (the "Complaint") in the County Court of the Seventeenth Judicial Circuit, in and for Broward County for the State of Florida, Case No. COSO-15-005475 (the "State Court Action"). The Complaint contains claims alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and a violation of the Florida Consumer Collection Practices Act, § 559.55, *et seq.* (the "FCCPA").

2.    Pursuant to 28 U.S.C. § 1446(a), Medicredit attaches to this Notice a copy of all pleadings, orders and other papers or exhibits of every kind currently on file in the State Court Action. See **Exhibit A**, attached hereto.

3. Ritter served Medicredit with the summons in the State Court Action on September 30, 2015. Accordingly, Medicredit timely files this Notice within the 30-day limit established by 28 U.S.C. § 1446(b)(1). See, e.g., Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 355 (1999) (noting that the removal time frame is triggered by receipt of formal service, not receipt of complaint.).

4. The United States District Court for the Southern District of Florida has original jurisdiction over this matter under 28 U.S.C. § 1331 because the claims alleging a violation of the FDCPA implicate this Court's federal question jurisdiction. See Ex. A, Complaint at ¶¶ 1, 8-11, 15 and 21. Further, the claims alleging a violation of the FCCPA implicate this Court's supplemental jurisdiction because Payne's FCCPA claims form part of the same case or controversy as Payne's FDCPA claim. Id. at ¶¶ 1, 8-11, 15, 23, and 25-27.

5. Removal to the United States District Court for the Southern District of Florida is proper under 28 U.S.C. § 1441(a), which provides that any civil action brought in a County and/or State Court where the District Courts of the United States have original jurisdiction is removable to the district of the United States District Court embracing the place where such action is pending.

6. Venue is proper in the Fort Lauderdale Division of this Court because this action is being removed from the Seventeenth Judicial Circuit, in and for Broward County, Florida and the acts complained of in Plaintiff's Complaint are alleged to have occurred in Broward County, Florida. Id. at ¶¶ 3, 9, 10 and 15.

7. In light of the foregoing, this Court has subject matter jurisdiction over this action, and this case is properly removed to this Court.

8. Pursuant to to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the County Court for Broward County, Florida.

**WHEREFORE**, Defendant Medicredit, Inc. gives notice that the above-entitled action is removed and transferred from County Court in and for Broward County, State of Florida, to the United States District Court for the Southern District of Florida.

RESPECTFULLY SUBMITTED,

Dated: October 30, 2015                Respectfully submitted,


s/ Paul De Boe
PAUL J. DE BOE
  Florida Bar No. 52051
  paul.deboe@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 374-0506
Facsimile: (305) 374-0456

*Counsel for Defendant, Medicredit, Inc.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 30, 2015 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          s/Paul J. De Boe
                                          PAUL J. DE BOE

## SERVICE LIST

*Chantelle Ritter v. Mericredit, Inc.*
United State District Court, Southern District of Florida
CASE NO. 15-CV-XXXXX

Jason Weaver
jason@jasonweaverpa.com
JASON WEAVER PA
2750 N. 29th Ave., Ste 120
Hollywood, FL 33020
Telephone: 954.870.4090
Facsimile: 954.964.3764

*Counsel for Plaintiff*

Method of Service: *CM/ECF*

PAUL J. DE BOE
paul.deboe@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
701 Brickell Avenue, Ste. 1600
Miami, FL 33131
Telephone: 305.374.0506
Facsimile: 305.374.0456

*Counsel for Defendant, Medicredit, Inc.*

22786880.1